UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| SENECA TYMAINE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:13-CV-79-HSM-CHS |
| ) | |
| WARREN COUNTY JAIL, EDDIE ) | |
| KNOWLES, and JACKY MATHENY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Acting pro se, Seneca Tymaine Clark, a prisoner in the Warren County jail in McMinnville, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983, claiming that he has been subjected to unconstitutional discriminatory treatment [Doc. 1]. Plaintiff has named as Defendants the Warren County Jail; Eddie Knowles, Warren County Jail Administrator; and Jacky Matheny, Warren County Sheriff. Because the Middle District, in which this action was filed, assessed the filing fee before transferring the case to this Court based on venue considerations, the Court turns first to the contentions contained in the complaint.

I.   **PLAINTIFF'S ALLEGATIONS**

On July 10th, [2013], Plaintiff began serving a five-year prison sentence in the Warren County jail. Soon afterwards, Plaintiff wrote to Defendant Eddie Knowles, requesting a job assignment at the jail. After becoming aware that there is only one minority employee at the jail and that at least five to ten Caucasian inmates received job assignments, though they arrived at the jail later than Plaintiff arrived, Plaintiff filed a written grievance to Defendant Knowles, protesting what he saw as "obvious discrimination" [*Id.* p. 5]. On October 31, 2013, Plaintiff

asked Correctional Officer Matt Brown, who is not a named Defendant, about obtaining a job working on the road crew. Brown responded that "blacks are not usually allowed to work on road crew or kitchen" [*Id.*]. Plaintiff wrote a letter and filed a grievance involving Brown's comment but he received no answer to his letter or his grievance. Defendant Knowles has stated to inmates housed in "the pod" that the Sheriff ultimately "says who will work or won't" [*Id.*]. Out of 280 inmates at the Warren County jail, only one Black inmate has been given a job. Plaintiff asserts that he deserves equal treatment regardless of his race or creed.

Plaintiff asks for equal treatment; the cessation of discrimination against minorities (namely himself); punitive damages for his emotional injuries; and reimbursement for any court fees he is required to pay [*Id.*].

## II. SCREENING & LEGAL STANDARDS

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

### III. LAW & ANALYSIS

The first Defendant named in the complaint, the Warren County Jail, is a building that serves as a place for confinement for those in custody, and it is not a suable entity. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 689-90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983"). The Sixth Circuit has so held. *Marbry v. Corr. Med. Serv.*, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (finding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent Cnty. Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Hence, because the Warren County Jail is not an entity that can be sued under § 1983, Plaintiff fails to state a claim against this Defendant.

The contentions against the second defendant, Jail Administrator Eddie Knowles, are that he failed to respond to Plaintiff's request for a job and to Plaintiff's grievance complaining about not being assigned a job. However, it is well-settled that an inmate has no right created by the

3

Constitution to prison employment. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) ("A prisoner has no constitutional right to prison employment or a particular prison job.") (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)). Plaintiff's allegation that he was denied a job in and of itself does not state a § 1983 claim because he was not deprived of a federal right.

By the same token, the Sixth Circuit has observed that "[a]ll circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (listing cases). "Accordingly, since a violation of a constitutional right is required in order to obtain relief under § 1983," *id.*, and since Plaintiff has no right to a grievance system in the first place, his allegation regarding the lack of a response to his grievance fails to state a claim for relief. Plaintiff also fails to state a claim against Defendant Knowles.

This leaves for consideration the race-based discrimination claims alleged against Defendant Sheriff Jacky Matheny. Plaintiff contends that Sheriff Matheny is the decision-maker as to which inmates will be assigned a job, that only one African-American inmate out of 280 inmates at the Warren County Jail has secured a prison job, and that Plaintiff was informed by a correctional officer at the Warren County jail that "blacks are not usually allowed to work on road crew or kitchen" [Doc. 1 p.5].

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff must show that a defendant intentionally discriminated against him based on his membership in a suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. U. S. Postal Serv*. 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must demonstrate that

4

he 'was victimized because of some suspect classification, which is an essential element of an equal protection claim.'").

IV. **CONCLUSION**

At this point in the proceedings, Plaintiff has stated an arguable claim against Defendant Matheny for race-based discrimination under the Fourteenth Amendment's Equal Protection Clause. Plaintiff has failed to state a claim against the Warren County Jail and Eddie Knowles, and they are **DISMISSED** as Defendants in this lawsuit.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Matheny. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Also, Plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure so to do, within fourteen (14) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. E.D. Tenn. L.R. 83.13.

**SO ORDERED**.

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE

5

Case 4:13-cv-00079-HSM-CHS   Document 6   Filed 09/06/16   Page 5 of 5   PageID #: 25